# Exhibit D

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| KENAI BATISTA, ANDY CHANCE, and CRYSTAL QUEBRAL, individually and on behalf of those similarly situated, <br><br>  Plaintiffs, <br><br> v. <br><br><br> NISSAN NORTH AMERICA, INC., <br>  Defendant. | § § § § § § § § § § § <br><br><br> CIVIL ACTION NO.1:14-CV-24728-Civ-Scola |

### [PROPOSED] PRELIMINARY APPROVAL ORDER
### OF CLASS ACTION SETTLEMENT

WHEREAS, a class action lawsuit is pending before this Court where the Plaintiffs are Kenai Batista, Andy Chance, Angela Matlin, Tung Nguyen, and Gerardo Torres suing individually and as the representatives of a class (collectively "Plaintiffs");

WHEREAS, on September 8, 2016, Plaintiffs executed a Settlement Term Sheet with Defendant Nissan North America, Inc. ("NNA") concerning the claims asserted in this lawsuit;

WHEREAS, based on that Term Sheet, Plaintiffs and NNA entered into a formal Settlement Agreement (the "Settlement Agreement") concerning the claims in the lawsuit;

WHEREAS, the Court has read and considered the Settlement Agreement and its attached exhibits, and has considered the arguments of counsel for the Parties in this matter and, good cause appearing,

**IT IS HEREBY ORDERED** that the Motion for Preliminary Approval of Class Action Settlement is **GRANTED, AND IT IS FURTHER ORDERED AS FOLLOWS:**

### PRELIMINARY CLASS SETTLEMENT APPROVAL
### AND SETTLEMENT HEARING

1.  The Court preliminarily certifies the Settlement Class,[1] for settlement purposes only, consisting of: All current and former owners and lessees of 2013-2014 model year Nissan

---

[1] This Order incorporates by reference the definitions in the Settlement Agreement, and all terms herein shall have the same meaning as set forth in the Settlement Agreement.

83729976v2

1

Pathfinder and 2013-2014 model year Infiniti JX35/QX60 vehicles equipped with the FK-*k2 CVT in the United States and its territories, including Puerto Rico.  Excluded from the Settlement Class are: (1) NNA, any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family; and (3) fleet and government purchasers and lessees.

      2.      The Court certifies that, for settlement purposes only, the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) have been satisfied with regard to the Settlement Class, and finds that the class action settlement set forth in the Settlement Agreement entered into among the parties and their counsel appears to be proper; is within the range of reasonableness for a class settlement; is the product of arm's length and informed negotiations; treats all Class Members fairly, and is presumptively valid, subject only to any objections that may be raised at the Fairness Hearing.  The Court further finds that the Parties conducted sufficient investigation and research, and their attorneys were able to reasonably evaluate their respective positions.  The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at a hearing.

      3.      During the Final Approval and Fairness Hearing, which shall be held before this Court on _____, 2016, at ____ a.m./p.m. in Courtroom_____  of the United States District Court for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, the Court will determine whether the proposed Settlement Agreement is fair and reasonable, whether final approval shall be given to it and whether Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses should be granted.

## NOTICE OF SETTLEMENT

      4.      The Settlement Administrator shall prepare and provide the notices pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class Members reside, as specified in 28 U.S.C. § 1715, after the Court approves the Notice.

      5.      The Parties shall cause Notice of the proposed Settlement and the Fairness Hearing to Settlement Class Members as follows:

a) The Parties have agreed to designate _____ to serve as the independent third-party Settlement Administrator to assist in the Notice and Settlement administration process.

b) No later than _____ ( ) days from the entry of this Order, the Settlement Administrator shall commence the mailing of the Summary Notice substantially in the form attached to the Settlement Agreement as Exhibit ___ which shall be mailed by first-class mail, postage prepaid, via the United States Postal Service, at the expense of NNA, to the Settlement Class for whom there is a last-known valid address and for whom addresses are obtained from a qualified third-party, such as HIS/R.L. Polk, that maintains databases related to the automobile industry and which specializes in obtaining such information from, inter alia, the Departments of Motor Vehicle of all fifty (50) States in the United States and its territories, including Puerto Rico, and any mail returned with a forwarding address will be promptly re-mailed to such address. The Settlement Administrator will review the addresses provided by qualified third-party vendor, check addresses for validity, eliminate duplications and process the address through the National Change of Address database for the purpose of updated the addresses.

c) The Settlement Administrator will file with the Court and serve upon Plaintiffs' Counsel and NNA's Counsel no later than thirty-five (35) days before the Fairness Hearing a declaration attesting that Notice was disseminated in a manner consistent with the terms of the Settlement Agreement and the Preliminary Approval Order.

6. The Court approves the form of Notice. The Court finds that these procedures established for mailing and distribution of such Notices as set forth in this Order satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Court further finds that these procedures are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

7. The Settlement Administrator shall be responsible for receipt of all written communications from the Settlement Class and shall preserve same and all other written communications from Settlement Class Members or any other person in response to the Notices.

**CLASS REPRESENTATIVES AND CLASS COUNSEL**

8. The named Plaintiffs are suitable class representatives and are appointed Class Representatives for the Settlement Class.

9. The Court appoints Cory Watson, P.C., Weil Quaranta McGovern, P.A., Newsome Melton, LLP, Berger & Montague, P.C., and Capstone Law APC as Class Counsel. The Court finds that the attorneys at these three firms have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Settlement Class.

### REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

10. A Settlement Class Member wishing to exclude himself/herself form the Settlement must mail to the Settlement Administrator a signed letter including (i) the name of the lawsuit; (ii) his/her name, address and telephone number, (iii) model and year of vehicle, (iv) mileage at the time of Notice, (v) the VIN of the vehicle(s), (vi) a clear statement communicating that he/she elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to this Settlement Agreement and (vii) his/her signature and the date signed.  Any request for exclusion must be postmarked on or before the exclusion deadline provided in the Notice.  The date of the postmark on the return mailing envelop shall be exclusive means used to determine whether a request for exclusion has been timely submitted.  Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Notice, shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement.  The request must be personally signed by or on behalf of the Settlement Class Member requesting exclusion, and shall not be effective unless it is made in the manner and within the time set forth in this paragraph.  No Settlement Class Member, or any person acting on behalf or in concert or participation with that Settlement Class Member, may request the exclusion of any other Settlement Class Member from the Settlement Class.

11. Copies of requests for exclusion shall be provided by the Settlement Administrator to Plaintiffs' Counsel and NNA's Counsel not later than ___ ( ) business days after deadline for submission of requests for exclusion. The original requests for exclusion will be filed with the Court by the Settlement Administrator not later than ___ ( ) days prior to the Fairness Hearing Date.

12. All Settlement Class Members that have not submitted a timely and valid written request for exclusion from the Settlement Class will be bound by the Releases in the Settlement

83729976v2

Agreement and other terms and conditions set forth herein and all proceedings, orders and judgments in this lawsuit, even if those persons have previously initiated or subsequently initiated litigation or other proceedings against NNA, its subsidiaries, NNA's parent or its parents' subsidiaries, or any Related Parties relating to the claims released pursuant to or covered by the terms of this Settlement.

## OBJECTIONS BY SETTLEMENT CLASS MEMBERS

13. Any Settlement Class Member that has not requested exclusion from the Settlement Class may appear at the Fairness Hearing to show cause as to why any terms of the proposed Settlement should not be approved as fair or reasonable, or why a judgment should not be entered thereon. In accordance with the Settlement Agreement, any Settlement Class Member may so object either on his or her own or through an attorney hired at his or her own expense.

14. In order to object to the approval of the Settlement Agreement, a Settlement Class Member must serve Plaintiffs' Counsel and NNA's counsel by mail at the addresses listed below and must file the Objection with the Court, which Objection must be filed and copies postmarked no later than thirty-five (35) days prior to the Fairness Hearing date specified in the Notice. To state valid Objections to the Settlement, a Settlement Class Member making Objections must provide the following information in his or her written Objections: (i) the name of the lawsuit; (ii) the Settlement Class Member's full name and current address; (iii) the model year and make of his or her vehicle(s) and approximate date(s) of purchase or lease; (iv) whether the Settlement Class Member still owns or leases the vehicle(s); (v) the VIN number of the vehicle(s); (vi) current odometer mileage of the vehicle(s) currently owned or leased; (vii) a specific and clear statement of the Settlement Class Member's reasons for objecting to the Settlement, including the factual and legal grounds for his or her position; (viii) a detailed list of any other objections to any class action settlements submitted to any court, whether State, Federal, or otherwise, in the United States in the previous five (5) years; (ix) whether the Settlement Class Member intends to appear at the Fairness Hearing(s) and whether the Settlement Class Member will be represented by separate counsel; and (x) the Settlement Class Member's signature and the date of signature.

15. Objections must be served:

83729976v2

5

Upon NNA's Counsel at:

E. Paul Cauley, Jr.
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201

Upon Class Counsel at:

F. Jerome Tapley
CORY WATSON, P.C.
2131 Magnolia Avenue
Birmingham, Alabama 35205

16  Any Settlement Class Member who does not make an Objection in the manner provided above shall be deemed to have waived such Objection and shall forever be foreclosed from making any Objection to the fairness or reasonableness of the proposed Settlement or the Final Order and Judgment to be entered approving the Settlement.  Any Settlement Class Member who wishes to speak at the fairness hearing must follow the procedures outlined in the Notice that the Settlement Class Member receives.

17.  Papers by counsel in connection with the Settlement shall be filed as follows:  No later than twenty-eight (28) days before the date set by the Court for the Fairness Hearing, Plaintiffs' Counsel will file a motion requesting that the Court enter the Final Order and Judgment, which will, among other things, dismiss the Lawsuit, with prejudice as to NNA, subject to the continuing jurisdiction of the Court, approve the Settlement, certify the Settlement Class and render an award of Attorneys' Fees and Expenses.  NNA may, at its discretion, submit such briefing as it deems necessary to support the motion for final approval, clarify its positions, and otherwise protect its interests.  Such briefing by NNA will be due no later than fourteen (14) days before the date set by the Court for the Fairness Hearing.  Plaintiffs' Counsel and NNA's Counsel shall also be entitled to file responses to any Objections which may have been filed, which responses shall be filed fourteen (14) days prior to the date set by the Court for the Fairness Hearing.  Class Counsel may submit reply papers to any briefs filed by NNA no later than \_\_\_\_ ( ) days prior to the date set by the Court for the Fairness Hearing.

## TERMINATION

18. If the Court declines to enter a Final Order and Judgment in accordance with all of the material terms of the Settlement Agreement, or the Final Order and Judgment does not for any reason become Final, the Parties to the Lawsuits will be returned to the same position as existed on _____, 2016, and as if the Settlement Agreement had not been negotiated, made or filed with the Court. Should this occur, (a) the Parties to the Lawsuits shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of the Settlement Agreement; and (b) neither the Settlement Agreement, nor any documents filed, submitted, or published pursuant to the Settlement Agreement may be used in any litigation (except to enforce the provisions of the Settlement Agreement) and nothing contained in any documents shall impact any legal proceedings.

19. This Order shall be of no force or effect if the Settlement does not become final, and shall not be construed or used as an admission, concession or declaration by or against the Parties or members of the Settlement Class of the validity of any claim or counterclaim or any actual or potential fault, wrongdoing or liability whatsoever, or by or against the Parties or members of the Settlement Class, that their claims or counterclaims lack merit or that the relief requested in the Complaint or any counterclaims are inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims it or they may have.

## POWERS AND JURISDICTION OF THE COURT

20. The Court expressly reserves its right to adjourn the Fairness Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto which are acceptable to the Parties, without further notice to Settlement Class Members.

21. Pending Final Approval of the Settlement, the Parties to the Settlement Agreement are directed to carry out their obligations under the terms thereof.

**IT IS SO ORDERED**:

83729976v2

Dated: _____          _____
                             The Honorable Robert N. Scola, Jr.
                             United States District Court Judge