United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Kenai Batista, *and others*, individually and on behalf of those similarly situated, Plaintiffs<br><br>v.<br><br>Nissan North America, Inc., Defendant | Civil Action No. 14-24728-Civ-Scola |

### **Order and Judgment Granting Final Approval of Class Action Settlement and Attorneys' Fees and Expenses**

Having considered the Plaintiffs' motion for final approval of the class action settlement between the Plaintiffs Kenai Batista, Andy Chance, Angela Matlin, Tung Nguyen and Gerardo Torres ("Plaintiffs") and Defendant Nissan North America, Inc. ("NNA"); having considered the unopposed motion for final approval of class action settlement and memorandum of law (ECF No. 178); having considered that, by order dated March 1, 2017, this Court granted preliminary approval of the proposed class action settlement in this case and certified a Settlement Class; and having held a Fairness Hearing on June 21, 2017 at 8:30 AM, and having considered all of the submissions, objections, and arguments with respect to the unopposed motion for final approval of class action settlement and memorandum of law (ECF No. 178):

The Court finds as follows:

1. The Court confirms its previous preliminary findings in the preliminary approval order, and finds that the settlement of the lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and 23(b)(3). The Settlement Class, as defined in Paragraph 31 of the Amended Settlement Agreement ("Settlement" or "Settlement Agreement") and also defined below, is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Plaintiffs are typical of the claims of the Settlement class, the Plaintiffs will fairly and adequately protect the interests of the Settlement Class, and questions of law and fact common to the members of the Settlement Class predominate, for settlement purposes, over any questions affecting only individual members;

2. Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's second amended preliminary approval order of class action settlement, and such Notice by first-class mail was given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

3. In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Administrator caused to be mailed a copy of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where class members reside. None of the Attorneys General filed objections to the Settlement.

4. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. Among the factors that they considered are those set forth in the unopposed motion for final approval of class action settlement and memorandum of law. The Parties have agreed to the Settlement without any admission of wrongdoing and to avoid further expenses, uncertainty, inconvenience, and interference with their ongoing business. As part of the lawsuits, the Plaintiffs' counsel has conducted a detailed investigation of the facts and analyzed the relevant legal issues. Although the Plaintiffs and the Plaintiffs' counsel believe that the claims asserted in the complaint have merit, they also have examined the benefits to be obtained under the Settlement compared to the costs, risks, and delays associated with the continued litigation of these claims;

5. The Court finds that the Settlement is fair, reasonable, and adequate in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal;

6. The benefits to the Settlement Class constitute fair value given in exchange for the release of the claims of the Settlement Class. The Court finds that the consideration to be provided under the Settlement is reasonable considering the facts and circumstances of this case, the types of claims and defenses asserted in the lawsuit, and the risks associated with the continued litigation of these claims;

7. The Parties and Settlement Class Members have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of Settlement; and

8. It is in the best interest of the Parties and the Settlement Class Members and consistent with principals of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement, or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

It is therefore **ordered, adjudged and decreed** that:

9. The Court certifies a Settlement Class, for settlement purposes only, consisting of the following: All current and former owners and lessees of 2013-2014 model year Nissan Pathfinder and 2013-2014 model year Infiniti JX35/QX60 vehicles equipped with the FK-*k2 CVT in the United States and its territories, including Puerto Rico. Excluded from the Settlement Class are: (1) NNA, any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family; (3) fleet and government purchasers and lessees; and (4) those persons or entities that validly and timely elected exclusion from the Settlement Class. Any objector that timely filed an objection to the Settlement Agreement may choose to opt out of the Settlement **on or before July 12, 2017,** by following the same opt out procedure delineated in the Notice to the Settlement Class.

10. The Settlement submitted by the Parties is finally approved pursuant to Fed. R. Civ. P. 23(e) as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement in accordance with its terms. The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement, except for those who have duly excluded themselves.

11. The Lawsuit is hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation by any Party in the Lawsuit and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Lawsuit;

12. The Released Claims as defined in the Settlement are hereby finally compromised, settled, released, discharged, and dismissed with prejudice

against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

13. All Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Settlement Class Members also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order and Judgment shall be forever binding on all Settlement Class Members who did not timely opt out of the Settlement. These Settlement Class Members have released and forever discharged the NNA and all Related Parties for any and all Released Claims.

14. Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly excluded themselves.

15. The named Plaintiffs are suitable class representatives and are hereby appointed representatives for the Settlement Class. The Court **approves** an award of $5,000 to each of Plaintiffs Kenai Batista, Andy Chance, Angela Matlin, Tung Nguyen and Gerardo Torres as a reasonable payment for his or her efforts, expenses and risks as Plaintiffs in bringing the lawsuit, which shall be paid by NNA as provided in the Settlement.

16. Based upon the evidence submitted, the Court finds that the attorneys of Cory Watson, P.C., Weil Quaranta, P.A., Newsome Melton, LLP, Berger & Montague, P.C., and Capstone Law APC have the requite knowledge, experience, and skills to advance the interests of the Settlement Class. The Court hereby appoints all five law firms as counsel for the Settlement Class. The Court **approves** an award of $3,750,000 to the Plaintiffs' counsel as reasonable payment for Attorneys' Fees and Expenses, which shall be paid by NNA as provided in the Settlement.

17. Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Order and the Settlement Agreement, or the applicability of the Settlement Agreement. Without limiting the generality

of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

18. All Objections filed are hereby **overruled** and **denied**.

19. The Court finds that no just reason exists for delay in entering this Final Judgment and Order of Dismissal. Accordingly, the Clerk is hereby directed to enter final judgment.

20. The Court directs the Clerk to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on June 28, 2017.

_____
Robert N. Scola, Jr.
United States District Judge